## THE AMERICAN TRADING COMPANY *v.* SEPÚLVEDA, DISTRICT JUDGE.

### PETITION for a writ of *certiorari.*

No. 92.—Decided May 7, 1912.

UNAPPEALABLE ORDERS—APPOINTMENT OF RECEIVER.—An order of a district court refusing to appoint a receiver is not appealable.

APPOINTMENT OF RECEIVER—VERIFIED PETITION—LACK OF VERIFIED OBJECTION.— The mere fact that no verified objection was made to a verified petition for the appointment of a receiver is no reason why the receiver should be appointed necessarily when the petition itself is insufficient.

ID.—POSSESSION OF PROPERTY BY PLAINTIFF—WASTE.—In the case at bar it was held that the petition for the appointment of a receiver on the ground that the defendants were not taking care of the property properly and were squandering its products was insufficient, because from the petition itself it was shown that on the date on which the petition was filed the defendants did not have possession of the property but that it was in the possession of the plaintiff who only feared that the defendants would take possession of it.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for petitioner.

MR. JUSTICE ALDREY delivered the opinion of the court.

The application states that by means of a public auction sale the petitioner acquired six estates in satisfaction of a mortgage note. That later Inocencia Quevedo, as holder of another note, instituted foreclosure proceedings against said estates, which were sold at auction, one to the said Inocencia Quevedo and the remaining five to her son-in-law, Jaime Fernández. That in view of the foregoing, the petitioner, The American Trading Company, filed a complaint against Inocencia Quevedo seeking to annul the proceedings brought by her against the petitioner and which resulted in the sale and adjudication of said estates, and also seeking to cancel the record of the mortgage which guarantees the promissory note which was the foundation of the action instituted by Mrs. Quevedo in so far as said mortgage affects said properties of The American Trading Company. That in view of said complaint The American Trading Company on April 2 last filed a sworn motion for the appointment of a receiver to manage said estates until the controversy relative thereto was settled. As grounds for such motion they alleged the statements made in the complaint, (*a*) that the estates had been sold at auction; (*b*) that the petitioner had information and believed that it would be dispossessed of the estates, which would suffer damage on account of defective cultivation and the misappropriation of the fruits thereof; and (*c*) that such acts would cause irreparable

damage to the petitioner. Finally, it is alleged by the petitioner that the court overruled the motion on April 30 after a hearing whereat Jaime Fernández and Inocencia Quevedo appeared, through their counsel, and did not file any sworn opposition nor introduce any evidence, but merely argued the case.

This decision has given rise to the present application, founded on the ground that the decision is unappealable; that it is in violation of sections 369 and 370 of the Revised Statutes (Effectiveness of Judgments); also of section 182, paragraphs 1 and 5, of the Code of Civil Procedure, and that it is made to correct errors of procedure.

The Code of Civil Procedure does not grant an appeal from the aforesaid order. See sec. 295, par. 3, and decisions in the cases of *Salva* v. *Borrás,* 8 P. R. R., 194; *Moreno* v. *Martínez,* 10 P. R. R., 498; *Fernández* v. *Foix,* 16 P. R. R., 249; *Balasquide* v. *Rossy,* decided Feb. 9, 1912.

The errors of procedure alleged do not show that the court failed to observe the procedure provided by law, but they state that the judge misused his discretion in refusing to appoint a receiver.

The failure to file an answer under oath to a sworn application for the appointment of a receiver is no reason why he should necessarily be appointed if the application is in itself insufficient to support the appointment.

In the present case the grounds of the application are that the defendants will mismanage the estates and misappropriate the products thereof. However, the principal reason is lacking, namely, that that may happen, since up to the date of the application the defendants were not in possession of the lands, but the lands were in the possession of the plaintiff. There only exists the fear that the defendants will take possession of the estates and that they will use them in the manner presumed.

The foregoing shows clearly that no error of procedure

was made nor that there was lack of jurisdiction in the order of the court. The application for the writ should be denied.

                                        *Petition Dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.